IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

MARK A. H.,

                Plaintiff,

  v.                                      Civil Action No.
                                            5:17-CV-1310 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____

APPEARANCES:                            OF COUNSEL:

FOR PLAINTIFF

DOLSON LAW OFFICE              STEVEN R. DOLSON, ESQ.
126 N. Salina Street                  GREGORY FAIR, ESQ.
Suite 3B
Syracuse, NY 13202

FOR DEFENDANT

HON. GRANT C. JAQUITH         GREGORY MORRISON, ESQ.
United States Attorney for the      Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Acting Commissioner, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on August 23, 2018, during a telephone conference held on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

2) The Acting Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Acting Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Acting Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: August 28, 2018
Syracuse, NY

3

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
MARK A. H.,

                        Plaintiff,

vs.                                         17-CV-1310

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
------------------------------------------------------x
```

*Decision* - August 23, 2018

James Hanley Federal Building, Syracuse, New York

HONORABLE DAVID E. PEEBLES

United States Magistrate-Judge, Presiding


A P P E A R A N C E S (by telephone)

For Plaintiff:      LAW OFFICES OF STEVEN R. DOLSON
                    Attorneys at Law
                    126 North Salina Street
                    Syracuse, New York 13202
                      BY:  GREGORY P. FAIR, ESQ.

For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of General Counsel
                    26 Federal Plaza
                    New York, New York 10278
                      BY:  GRAHAM MORRISON, ESQ.


*Eileen McDonough, RPR, CRR*
*Official United States Court Reporter*
*P.O. Box 7367*
*Syracuse, New York 13261*
*(315)234-8546*

1     THE COURT:  I have before me a request for a
2 judicial review of an adverse determination by the Acting
3 Commissioner pursuant to 42 United States Code, Section
4 405(g).  The background is as follows.
5     The plaintiff was born in November of 1959.  By my
6 math he is currently 58 years old.  He was 54 years old at
7 the date of the amended onset date of his disability.  He
8 lives in Syracuse in a senior housing facility on the
9 eighth floor.  He is 5-foot 6-inches tall and weighs
10 154 pounds.
11     Plaintiff does not possess a driver's license.  He
12 has a Bachelor's Degree in accounting.  Plaintiff was in the
13 United States Air Force from 1982 to 1991.  In September of
14 1991 or in September of 1993, depending on whether you look
15 at Administrative Transcript 33 or 174, he became a United
16 States Postal Service mail handler, a position from which he
17 retired in September 2005.  In May of 2007 to May of 2010 he
18 worked for Southern Global Services as a telemarketer in
19 customer service.  He left, according to Administrative
20 Transcript page 36, when his job was outsourced.
21     In terms of health, plaintiff suffers from
22 degenerative joint disease bilaterally of the hips, and
23 arthritis.  He originally treated at the Veterans
24 Administration Medical Center.  In February of 2016 he
25 transitioned to Dr. Robert Sherman at Upstate Medical Center.

1           In August of 2014 he presented at the emergency
2    room with difficulties but it was noted he was doing well.
3    He appeared at an ortho exam on August 25, 2014 where it was
4    indicated he was using a cane.  He was referred to physical
5    therapy but was discharged for nonattendance.  In April of
6    2015 he was noted to be using a cane and again in May of
7    2016.
8           Plaintiff had a left total hip replacement in May
9    of 2016.  At the end of two weeks, according to page 500 of
10   the Administrative Transcript, he was doing relatively well,
11   and at six weeks he was doing wonderfully.  That is the quote
12   at page 502 of the Administrative Transcript.  Plaintiff uses
13   a cane and has since 2012.  That's at page 42.  He testified
14   to that during the hearing.  Although Dr. Ganesh, as I
15   indicated during oral argument, noted in her report at
16   page 338 the plaintiff was not using assistive devices.
17          Plaintiff has been taking hydrocodone for three
18   years.  That's at page 46.  As a side effect, at page 44, the
19   medication makes him drowsy.  The plaintiff reports that his
20   pain level is four out of ten without medication and three
21   out of ten with his prescribed drugs.
22          In terms of daily activities plaintiff plays cards,
23   plays chess, socializes, cooks, does laundry, does some
24   cleaning, shops weekly, showers, dresses, reads and watches
25   television.  That's at page 338 and 38 to 40 of the

1  Administrative Transcript.
2       Procedurally plaintiff applied for Title II
3  disability insurance benefits on August 6, 2014.  He
4  originally alleged an onset date of August 14, 2012, but that
5  date was amended to August 6, 2014.  A hearing was conducted
6  on January 6, 2017 by Administrative Law Judge Kenneth
7  Theurer.  Administrative Law Judge Theurer issued a decision
8  on February 10, 2017 finding plaintiff was not disabled at
9  the relevant times and, therefore, ineligible for benefits.
10 That became a final decision of the Agency on November
11 14, 2017 when the Social Security Administration Appeals
12 Council denied plaintiff's request for review.
13      In his decision ALJ Theurer applied the familiar
14 five-step sequential test for determining disability.
15      At step one he concluded that plaintiff had not
16 engaged in substantial gainful activity from August 6, 2014
17 through his last insured date of December 31, 2016.
18      At step two ALJ Theurer found that plaintiff
19 suffers from degenerative joint disease of the hips as a
20 severe impairment.
21      At step three, however, he concluded that the
22 impairment did not meet or medically equal any of the listed
23 presumptively disabling conditions set forth in the
24 Commissioner's regulations, and focusing on listing 1.02.
25      After surveying the medical evidence, the ALJ

1  determined that plaintiff retained the residual functional
2  capacity to occasionally lift 10 pounds; sit for
3  approximately six hours; stand or walk for approximately two
4  hours in an eight-hour day with normal breaks; occasionally
5  climb ramps or stairs, but never climb a ladder, rope or
6  scaffold; occasionally balance, stoop, kneel, crouch and
7  crawl; would require the use of a cane or crutch for
8  prolonged ambulation, walking on uneven terrain, or ascending
9  and descending slopes, but would retain the ability to carry
10 small objects, such as a file, in the free hand; and he would
11 need to be able to alternate from a seated to a standing
12 position or vice versa two times per hour for no more than
13 five minutes while remaining on task.
14          Applying that RFC, the Administrative Law Judge
15 concluded at step four that plaintiff is capable of
16 performing his past relevant work as a customer complaint
17 clerk based on how that position was performed at Southern
18 Global Services, and with the aid of a vocational expert also
19 concluded that he could meet the requirements of that
20 position as generally performed, even though the DOT entry
21 for that position does not include a sit/stand option.  And,
22 therefore, the ALJ concluded that plaintiff was not disabled
23 at the relevant times.
24          As you know, my task is limited to determining
25 whether correct legal principles were applied and substantial

1  evidence supports the determination.  The argument about the
2  listing is an interesting one.  Clearly to meet listing 1.02
3  requires, among other things, an inability to ambulate
4  effectively as defined in 1.00(B)(2)(b).
5         That definitional section requires that,
6  "Individuals must be capable of sustaining a reasonable
7  walking pace over a sufficient distance to be able to carry
8  out activities of daily living.  They must have the ability
9  to travel without companion assistance to and from a place of
10 employment or school."  And then it goes on, as counsel
11 indicated, to provide, "Examples of ineffective ambulation
12 include, but are not limited to, the inability to walk
13 without the use of a walker, two crutches or two canes, the
14 inability to walk a block at a reasonable pace on rough or
15 uneven surfaces, the inability to use standard public
16 transportation, the inability to carry out routine ambulatory
17 activities, such as shopping and banking, and the inability
18 to climb a few steps at a reasonable pace with the use of a
19 single handrail."
20        In this case the Administrative Law Judge rejected
21 listing 1.02 in a very short paragraph without any
22 elaboration as to why.  And although I think you probably
23 could guess from the rest of the decision the basis for doing
24 that, the focus being on effective ambulation, there is
25 really -- there is no analysis that would allow the Court to

1  make meaningful judicial review.
2          It is the Administrative Law Judge's duty to
3  explain his or her determination at step three.  That is made
4  clear in such cases that were cited by the plaintiff as
5  *Stephens versus Colvin,* 200 F.Supp.3d 349, and *Gustafson*
6  *versus Commissioner of Social Security* found at 2012 WL
7  5866080.
8          I do acknowledge that it is the plaintiff's burden
9  to show that he meets a listed impairment under *Poupore* and
10 *Campbell*.  I also acknowledge that it is not necessarily
11 fatal to an ALJ's determination if there is no explanation at
12 step three as long as rationale can be gleaned from the
13 balance of the ALJ's decision.  *Salmini versus Commissioner*
14 *of Social Security,* 371 F. App'x 109; *Berry versus Schweiker*,
15 675 F.2d 464; and *Gustafson versus Commissioner of Social*
16 *Security*, a case that was cited a moment ago, also standing
17 for that proposition.
18         But here there's, as I said, no discussion of
19 effective ambulation.  The medical evidence supports the need
20 for plaintiff's use of at least one assistive device.  The
21 medical evidence shows, for example, hip X-rays from
22 August 5, 2014 degenerative changes in both hips, severe
23 degenerative changes, increase in left hip from the prior
24 study, and the right hip near total loss of joint space
25 superiorly with subchondral sclerosis.

1      There is considerable evidence of the use of
2 assistive devices at page 305, under gait, "uses cane in the
3 morning, uses walker when moving around when very stiff."
4 Maximum number of stairs patient is able to perform with
5 railings is three steps.  And there are other entries in the
6 medical records that were cited by the plaintiff's counsel
7 that support the use of assistive devices.  The consultative
8 examiner at 338, Dr. Ganesh, noted plaintiff's walk with a
9 limp.  Limitations in climbing were noted by Dr. Ganesh at
10 340.  Limitations on walking was noted by Dr. Sherman at 506.
11 The plaintiff stated he needs a cane and the ALJ, in fact,
12 concluded at page 16 that plaintiff required the use of a
13 cane.
14      So because of these entries and because it is such
15 a close call as to whether or not plaintiff is able to
16 ambulate effectively, I am unable to make an informed
17 judicial review of the Commissioner's determination to
18 ascertain whether it was based on substantial evidence.
19 Frankly, there should have been much better explanation or
20 any explanation at step three by the ALJ as to why he
21 rejected listing 1.02.
22      So I will grant judgment on the pleadings to the
23 plaintiff.  I don't find any persuasive evidence of
24 disability such that I would direct a finding of disability.
25 I think this matter should be remanded for consideration, and

1  specifically at step three why listing 1.02 was not met by
2  the plaintiff.
3         So I will remand the matter without a directed
4  finding of disability.
5         Thank you both for excellent presentations.  I look
6  forward to working with you again.  Thank you.
7                    *          *          *

C E R T I F I C A T I O N

    I, EILEEN MCDONOUGH, RPR, CRR, Federal Official Realtime Court Reporter, in and for the United States District Court for the Northern District of New York, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

_____
EILEEN MCDONOUGH, RPR, CRR
Federal Official Court Reporter